OPINION
Appellant sets forth the following assignments of error:
"ERROR OF ASSIGNMENT #1:
 THE TRIAL COURT ERRED IN ACCEPTING THE PLEA OF GUILTY OF A LESSER INCLUDED OFFENSE OF ATTEMPTED FELONIOUS ASSAULT WHICH CONSTITUTES A FINDING OF NOT GUILTY OF THE GREATER OFFENSE OF § 2903.11(A)(2) WHICH IN ITSELF IS DEFINED AS AN ATTEMPT.
"ERROR OF ASSIGNMENT #2:
 THE TRIAL COURT ERRED IN ACCEPTING THE PLEA OF GUILTY TO THE AMENDED INDICTMENT WHICH CONSOLIDATED AN ATTEMPT TO COMMIT AN OFFENSE WHICH IN ITSELF IS DEFINED AS AN ATTEMPT TO COMMIT AN OFFENSE AND IN THIS CASE ESTABLISHED AN ACCUSATION WHICH IS NOT AN OFFENSE UNDER THE LAWS OF THE STATE: § 2903.11(A)(2), § 2923.02 OF THE REVISED CODE."
The facts that are relevant to the issues raised on appeal are as follows. On March 19, 1993, appellant was indicted on one count of attempted felonious assault in violation of R.C.2903.11(A)(2), one count of robbery and one count of vandalism. On April 29, 1993, pursuant to North Carolina v. Alford (1970),400 U.S. 25, appellant entered a plea of guilty to attempted felonious assault. Counts two and three of the indictment were nollied. The trial court accepted appellant's plea and entered a finding of guilty. On May 12, 1997, appellant filed a motion for relief from judgment and on June 2, 1997, the trial court denied appellant's motion. Appellant filed a timely appeal of the trial court's dismissal.
The essence of appellant's argument is that his plea agreement stated that he pled to "attempted felonious assault" in violation of R.C. 2923.02, the general attempt statute, as well as R.C. 2903.11(A)(2), felonious assault, and that no such offense exists. Appellant argues that because felonious assault under R.C. 2903.11(A)(2) can be an "attempt to cause physical harm," there can be no such offense as an attempted attempt to cause physical harm.
R.C. 2903.11, felonious assault, states in relevant part:
"(A) No person shall knowingly:
"* * *
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance * * *."
R.C. 2923.02, attempt, states in relevant part:
 "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense. * * *"
The Committee Comment to R.C. 2923.02 states:
 "This section is a general attempt statute which consolidates several specific attempt provisions in former law, and, with three exceptions, establishes an attempt to commit any offense as an offense in itself. The exceptions are an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt — in these cases, attempt is not an offense." (Emphasis added.)
Clearly, felonious assault pursuant to R.C.2903.11(A)(2) is an offense which itself prohibits an attempt. It therefore cannot serve as a predicate crime to a charge under R.C.2923.02. A similar conclusion has been reached by at least one other Ohio court when faced with the same issue in connection with the offense of robbery, also an offense which prohibits an attempt. See State v. Still (Dec. 9, 1994), Lake App. No. 93-L-195, unreported.
In this case, although appellant was originally indicted only for the offense of felonious assault in violation of R.C.2903.11(A)(2), the plea agreement that he signed states that he entered a plea of guilty to "attempted felonious assault, an aggravated felony of the third degree, in violation of Section2923.02 [and] 2903.11(A)(2) O.R.C." Appellant therefore entered a guilty plea to attempting to commit an offense which itself prohibits an attempt. Because the offense as styled in the plea agreement is not a crime under Ohio's statutory scheme, appellant's plea and conviction must be vacated. Accordingly, appellant's first and second assignments of error are well-taken.
Also before this court is a motion by appellant to strike appellee's brief. This court finds appellant's motion not well-taken and it is hereby denied.
On consideration whereof, this court finds that appellant was prejudiced and this case is remanded to the trial court for proceedings consistent with this opinion. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.